## Mary A. Neff, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 16,913.

1. CARRIERS—*when passenger injured by premature starting may recover.* Under conflicting evidence whether a passenger gave a proper signal to alight and was injured by the premature starting of the street car, or whether she was struck by the overhang of the car going into a curve after she had alighted, a judgment for the plaintiff was sustained.

2. DAMAGES—*when $2,000 for injuries to back and abdomen is not excessive.* If it appears from the irreconcilable evidence that a passenger alighting from a street car sustained a fractured rib causing a chronic condition of pleurisy, a severe wrenching of the back and injury to the stomach and abdomen, causing temporary hemorrhage from the bowels, permanent constipation and a pendulous condition of the abdomen, a verdict for $2,000 is not excessive.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed January 29, 1913.

FRANKLIN B. HUSSEY and WATSON J. FERRY, for appellant; LEONARD A. BUSBY, of counsel.

JAMES C. McSHANE, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellee recovered a verdict and judgment in the Superior Court against appellant for $2,000, as damages for personal injuries alleged to have been occasioned by the negligence of appellant, and this appeal followed.

The declaration, after setting out the ownership and operation by appellant on July 29, 1908, of a certain street railway upon and along Michigan avenue, in the City of Chicago, alleges that at the time and place aforesaid appellee had become and was received and

accepted by appellant as a passenger for hire upon a certain street car, which appellant was then and there operating northward upon and along said railway, and when said car reached, to-wit: the intersection of Michigan avenue and Randolph street, appellant stopped said car to permit appellee to alight therefrom, and upon the stopping of said car, appellee promptly attempted to alight therefrom, and while she was in the act of alighting from said car, and while exercising ordinary care and caution for her own safety, and while appellant knew, or by the exercise of due care would have known that she was so in the act of alighting from said car, appellant then and there wrongfully and negligently started said car forward suddenly and violently and without warning to appellee, and as a direct result and in consequence thereof she was thereby then and there thrown violently from said car to and upon the ground, etc.

It is urged that the judgment should be reversed for the reasons, first, that the verdict is against the manifest weight of the evidence, and second, that the damages awarded by the jury are excessive.

Appellee testified that she boarded a north-bound Indiana avenue car at Wabash avenue and 12th street for the purpose of going to the Goodrich Docks at the foot of Michigan avenue or Wabash avenue; that when the car reached a point on Michigan avenue about midway between Randolph and Washington streets she pressed the button as a signal for the car to stop at the corner of Randolph street and Michigan avenue; that she was then the only passenger in the car, and the conductor was in the front part of the car talking with the motorman; that upon hearing the signal the conductor said, "All right lady;" that when the car stopped she got up from her seat and walked to the rear platform for the purpose of alighting and the conductor again said, "All right lady;" that while she was in the act of stepping from the platform the car started up with a jerk and she was thrown upon

the pavement. William Cover, a teamster, who was then driving north on the east side of Michigan avenue, and somewhat in the rear of the car, testified that he saw appellee stepping off the car and saw the car start while she was stepping off and saw her fall.

Appellant's theory, supported in the main by the testimony of the conductor and motorman, is that, as the car approached Randolph street, the police officer at the crossing signalled the motorman to stop, to enable pedestrians to cross the street, and that the car was stopped in response to such signal; that before the car stopped appellee had not indicated by bell or otherwise her desire to alight; that while the car was at a stop appellee arose from her seat or made some demonstration which moved the conductor to ask her if she desired to alight and she said she did; that the conductor then sounded the bell as a signal to the motorman not to start the car until further notice; that appellee then walked to the rear platform, stepped from it to the step, thence to the street pavement, and after she alighted in safety the conductor signalled the motorman to proceed. The further theory advanced by appellant that after alighting from the car appellee walked northward along the side of the car, and after it had started and proceeded into the curve she was struck by the overhang of the car and so received the injuries complained of, is based largely on mere conjecture. The car did not stop after appellee alighted and the conductor and motorman were not informed of the accident until the return trip of the car.

There are apparent discrepancies and inconsistencies in the testimony of all the witnesses, which counsel for both litigants have pointed out with discriminating particularity, and as to which the reasonable limits of an opinion preclude a detailed discussion. We have carefully considered and weighed the evidence bearing upon the question of the liability of appellant to respond in damages for the injuries alleged .

and are unable to hold that the verdict of the jury is palpably wrong.

As resulting from the fall appellee claims to have sustained a fractured rib which penetrated the pleura, causing a chronic condition of pleurisy; a severe wrenching of her back; injury to her stomach and abdomen, causing temporary hemorrhage from the bowels and permanent constipation, also a pendulous condition of the abdomen, known as enteroptosis.

If full credence be given to the testimony of appellee and of her attending physicians and of physicians who testified at her instance as experts, the damages awarded are not excessive, while if the testimony of the witnesses called by appellant be true, the injuries sustained by appellee are greatly exaggerated and do not warrant the damages awarded. The evidence upon this issue is in hopeless and irreconcilable conflict. While we should have been better satisfied if the damages awarded had been less, we cannot say they are so excessive as to require interference by us.

The judgment is affirmed.

*Judgment affirmed.*